**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILFREDO FLORES BRUNO, | Civil Action No. 26-8951 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Wilfredo Flores Bruno's habeas petition (ECF No. 1) challenging his ongoing immigration detention.  The Government filed a response to the petition (ECF No. 7), to which Petitioner replied.  (ECF No. 8.)  For the following reasons, the petition is granted, and Petitioner shall receive a bond hearing before an immigration judge within seven days.

Petitioner is a native and citizen of Mexico.  (ECF No. 7-2 at 3.)  Petitioner entered the United States without admission, inspection, or parole as a child in 2002.  (ECF No. 1 at 5.)  Following this border crossing, Petitioner remained in the United States.  (*Id.*)  Based on his childhood entry into the United States, Petitioner applied for deferred action status in 2020.  (ECF No. 7-2 at 3.)  That application remains pending at this time.  (*Id.*)

On July 10, 2026, Petitioner was arrested by the Manalapan police on assault charges related to a domestic violence incident.  (*Id.*)  During this incident, Petitioner allegedly punched

1

the victim[1] in both the arm and the face, leaving visible injuries.  (ECF No. 7-3 at 7.)  Those charges remain pending at this time.  (ECF No. 7-2 at 3.)  While Petitioner was in police custody, immigration officials placed a detainer upon him.  (*Id.*)  On July 12, 2026, Petitioner was served with an administrative arrest warrant and notice to appear for removal proceedings and was taken into immigration custody.  (ECF No. 7-4.)  Petitioner has remained detained pending removal proceedings since that time without a bond hearing.  (ECF No. 7 at 2.)

The Government argues in this matter that Petitioner is lawfully detained and subject to mandatory detention without bond as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 7 at 2-3.)  The Government recognizes, however, that its position relies on statutory-interpretation arguments that this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection in and thereafter remained at liberty in the United States for more than two decades prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention without a bond hearing under § 1225(b)(2) is therefore unlawful.  *Id*.  Petitioner's habeas petition shall therefore be granted.

---

[1] The charging documents provided by the Government do not identify Petitioner's exact relationship to the victim, but do note that the alleged assault occurred as part of a domestic violence incident.  (*See* ECF No. 7-3.)

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk nor danger); *see also Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1-2 (D.N.J. Nov. 21, 2025) (a bond hearing under 8 U.S.C. § 1226(a) is an appropriate remedy to address improper detention under an inapplicable statute where the petitioner clearly would be subject to § 1226(a) and the facts so warrant). Although Petitioner contends that release would be a more appropriate remedy as he was not initially detained by immigration officials under the terms and protections applicable to § 1226(a) detainees, (*see* ECF No. 8), he does not dispute that he has pending domestic violence related assault charges, nor does he dispute that the Government could at any time have taken him into custody under § 1226(a) lawfully so long as he had the opportunity to seek a bond hearing before an immigration judge. (*See id.* at 1-2.)

Although this Court has held that outright release is an appropriate remedy in cases where § 1225(b)(2) has been improperly applied to an alien present within the United States without any criminal history indicative of dangerousness, *see, e.g., Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026), this Court has recognized that a bond hearing under § 1226(a) is also an available form of relief if the facts of an individual case make outright release inappropriate. *See Valerio,* 2025 WL 3251445 at *3-4; *see also Florian Bello v. Blanche*, No. 26-7845, 2026 WL 1972268, at *2 (D.N.J. July 8, 2026). Judges in this district regularly order bond hearings rather than outright release in those cases in which an alien's criminal history indicates

3

that he may present a sufficient danger to the community that outright release would be an unwarranted windfall. *See, e.g., Florian Bello*, 2026 WL 1972268 at *2; *Menjivar Delgado v. Lyons*, No. 26-6548, ECF No. 3 (D.N.J. June 10, 2026) (ordering a bond hearing rather than release where pending assault charges suggested potential dangerousness or flight risk). Given the nature of Petitioner's pending assault charge, this Court finds that a bond hearing is the appropriate relief in this matter. The Government shall therefore afford Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days at which Petitioner is provided an opportunity to show that he is neither a flight risk nor danger to the community.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge within seven days. An order consistent with this Memorandum Opinion will be entered.

Date: July 27, 2026

                         s/ Zahid N. Quraishi
                     **ZAHID N. QURAISHI**
                     **UNITED STATES DISTRICT JUDGE**